**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ALANI OLUSEGUN ARAWOLE, | * |
| #32837-037 | Civil Action No. PJM-05-1663 |
| Petitioner | * |
| v. | * |
| UNITED STATES OF AMERICA | * |
| Respondent | |

\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Alani Olusegun Arawole, a federal prisoner proceeding *pro se*, filed this Petition for Writ of Error Coram Nobis seeking to vacate his 1998 conviction and sentence based on the Supreme Court's recent ruling in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004). Paper No. 1.

On April 23, 1998, Petitioner was sentenced to 151 months incarceration and five years supervised release for violation of 28 U.S.C. §§846 and 841A. *See* Paper No. 93, *United States. Arawole*, Criminal No. L-97-00-66 (D. Md. 1997). Petitioner's direct appeal and Motion to Vacate filed pursuant to 28 U.S.C. § 2255 were each denied. *Id.*, Paper Nos. 118 and 175.

"Coram nobis is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted).

> From the earliest days of the English common law a writ of error coram nobis was recognized as an appeal against a judgment either because some fact rendered it erroneous or because of some error of law apparent on its face. It was used to obtain relief from judicial wrongs for which there was no other remedy. When directed by a reviewing court to the court which tried the case, it was called 'coram vobis' (before you). But when judgment was rendered in the King's or Queen's bench, the writ was styled 'coram nobis' (before us ourselves) because the writ was directed to another branch of the same court.

*Nicks v. United States*, 955 F.2d 161, 166 (2nd Cir. 1992) (citation omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), coram nobis is still available to challenge a federal criminal conviction where "circumstances compel such an action to achieve justice." *United States v. Morgan*, 346 U. S. 502, 511 (1954).

A defendant seeking a writ of coram nobis must not have any other remedies available. *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). Generally, it is invoked by persons who are no longer "in custody" and are thus ineligible to seek relief under 28 U.S.C. § 2255. Petitioner is still in custody on the convictions he is attempting to challenge. Additionally, coram nobis is not available simply because a prisoner is barred from seeking relief under § 2255 because of the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996.[1]  *United States v. Dos Santos*, 979 F. Supp. 949, 951 (E.D. N.Y. 1997). Accordingly coram nobis relief is not warranted here. A separate Order follows.

/s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE

August 4, 2005

---

[1] Petitioner is free to request leave, from the Fourth Circuit Court of Appeals, to file a second or successive motion to vacate his sentence. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*) Attached to this Memorandum are the instructions issued by the United States Court of Appeals for the Fourth Circuit to obtain the aforementioned authorization. The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this District Court may consider a request for collateral review.